The Honorable Jamie Pratt Prosecuting Attorney Thirteenth Judicial District P.O. Box 938 Camden, Arkansas 71711
Dear Mr. Pratt:
This is in response to your request for an opinion concerning the liability of Cleveland County for the debts of the Cleveland County Solid Waste Disposal Authority. You note that the Authority was formed pursuant to A.C.A. § 14-233-101 et seq., and its articles of incorporation were filed with the Secretary of State on May 14, 1985. Its membership consists of the County of Cleveland and the Municipalities of Rison and Kingsland. You pose the following question concerning the Authority:
 Does Cleveland County have financial responsibility for the Cleveland County Waste Authority — i.e., if the waste Authority was unable to pay its debts would Cleveland County be fiscally responsible for the same?
It is my opinion that the answer to this question is generally "no," but that facts surrounding any particular debt would have to be evaluated to come to a definite conclusion.
It is clear, in my opinion, that the County will not be liable for any bonds issued by the Authority. This conclusion follows from A.C.A. §14-233-112 which provides in pertinent part that:
 (a) It shall be plainly stated on the face of each bond that it has been issued under the provisions of this chapter, that the bonds are obligations only of the sanitation authority, and that in no event shall they constitute and indebtedness for which the faith and credit of the member municipalities or counties or any of its revenues are pledged.
Cleveland County, in my opinion therefore, will not be liable for payment of any bonds issued by the Authority. See also Barnhart v. City ofFayetteville, 321 Ark. 197, 900 S.W.2d 539 (1995) (City of Fayetteville did not have authority to levy household fee to retire bonds of sanitation authority). The question of whether Cleveland County will be liable for any other debts of the Authority is not as clear, but in my opinion the answer is also generally "no." As stated in Barnhart, supra:
 The Authority is a separate governmental entity. Section 14-233-105 of the Arkansas Code Annotated provides that the Authority is `a public body and a body corporate and politic.' Ark. Code Ann. § 14-233-105(c) (3). Section 14-233-107 confers on the Authority `perpetual succession' as a body politic with power to adopt rules, regulations, and policies for conducting its affairs. Id. § 14-233-107(1). The Authority can sue and be sued in its own name, procure insurance, and hire employees. Id. § 14-233-107(3), (7), and (8). Section 14-233-109 confers on the Authority the power to issue revenue bonds, and provides the terms and conditions of these bonds. Id. Section 14-233-112 forbids the Authority from accepting a pledge of municipal revenue as security for its bonds. Id. § 14-233-112(a).
321 Ark. at 204.
In my opinion this statutory scheme contemplates that the Authority, and its assets, will alone be liable for the debts of the Authority. In my opinion, a county or city will not generally be liable for the debts of such an authority, unless it in some way undertakes to render itself liable for those debts. Even so, the provisions of the constitution may prohibit this action in a given instance. See Barnhart, supra.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh